UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RAYMOND CEASAR**                          CASE NO. 2:25-CV-01259

**VERSUS**                                  JUDGE JAMES D. CAIN, JR.

**ALLSTATE INDEMNITY CO**                   MAGISTRATE JUDGE DAVID J. AYO

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 21] filed by defendant Allstate Indemnity Company ("Allstate") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Raymond Ceasar opposes the motion. Doc. 23.

### I.
#### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which struck on October 9, 2020. At all relevant times the home was insured under a policy issued by defendant Allstate. Under the policy's "Suits Against Us" clause, any suit against Allstate "must be brought within 24 months after the inception of loss or damage." Doc. 25, att. 1, p. 49.

Plaintiff filed suit against Allstate in state court on July 16, 2025, raising breach of contract and bad faith claims arising from his alleged losses in Hurricane Laura and Hurricane Delta. Doc. 1, att. 3. There he alleged that Allstate "restarted the two-year

prescriptive period" when it issued a payment to plaintiff on December 23, 2024. *Id.* at ¶¶ 20–21.

Allstate removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Allstate now moves to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that they are prescribed under Louisiana law and that its December 2024 payment could not serve to restarted the prescriptive period after it had already accrued. Doc. 21. Plaintiff opposes the motion, admitting that the last payment prior to December 2024 was made on February 18, 2022. Doc. 23, att. 1, p. 1. He maintains, however, that prescription was interrupted before it had run (1) on September 9, 2022, based on Allstate's response to a complaint plaintiff filed with the Louisiana Department of Insurance; (2) on May 2, 2024, when plaintiff informed Allstate that he had a new contractor and would be starting interior repairs soon; and (3) in August and September 2024, when Allstate communicated via email with plaintiff. *Id.* at 1–2.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir.

2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

A federal court sitting in diversity jurisdiction applies state substantive law, including "state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Under Louisiana law the prescriptive period for personal actions, including actions on a contract, is ten years. La. Civ. Code art. 3499. Bad faith claims are likewise subject to this ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019). But parties may shorten a prescriptive period by contract, as long as their agreement does not violate a statute or public policy. *Mansfield Rd., LLC v. Great Am. Ins. Co. of N.Y.*, 2022 WL 16857018, at *3 (W.D. La. Nov. 10, 2022) (citing *Noland v. Sun Life Assurance Co. of Canada*, 2001 WL 360775, at *1 (5th Cir. 2001)). Louisiana law also

provides that parties to an insurance contract may not limit the prescriptive period for filing first-party claims to a period shorter than 24 months. La. Rev. Stat. § 22:868(B). Here the policy sets a 24 month limit on filing suit from the date of loss. Accordingly, this limitation governs and plaintiff's claims arising from Hurricanes Laura and Delta, which struck more than four years before he filed suit, are facially prescribed.

Plaintiff maintains, however, that prescription was interrupted by defendant's actions. When the petition shows on its face that prescription has run, the burden shifts to the plaintiff to prove that prescription was interrupted. *Gray v. State Farm Fire & Cas. Co.*, 2025 WL 1213860, at *2 (W.D. La. Apr. 25, 2025) (citing *Bennett v. State Farm Ins. Co.*, 869 So.2d 321, 329 (La. Ct. App. 3d Cir. 2004)). "If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption." *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So.3d 721, 727 (La. 2011). As the federal courts in this state have recently agreed, in reliance on *Taranto* and *Demma v. Automobile Club Inter-Insurance Exchange*, 15 So.3d 95 (La. 2009), the tender of an unconditional payment on a claim by the insurer constitutes acknowledgment and interrupts prescription under Louisiana Civil Code article 3464. *E.g.*, *Caldwell v. GeoVera Specialty Ins. Co.*, 2024 WL 4245493 (W.D. La. Sep. 19, 2024); *Thompson v. Chubb European Group SE*, 2025 WL 673583 (E.D. La. Mar. 3, 2025); *Bateman v. Safeco Ins. Co. of Am.*, 2025 WL 2723544 (M.D. La. Sep. 24, 2025).

Nevertheless, interruption only applies to "[p]rescription that has commenced to accrue, **but has not yet run**[.]" *Lima v. Schmidt*, 595 So.2d 624, 631 (La. 1992) (emphasis added); *see also Masters v. Field*, 666 So.2d 1333, 1337 (La. Ct. App. 2d Cir. 1996)

("However, prescription cannot be interrupted once it has accrued."). Allstate does not dispute that it made an unconditional tender on at least one of plaintiff's claims in February 2022, meaning that prescription would have been interrupted as of that date and then accrued by February 2024. Accordingly, plaintiff's claims are prescribed unless he can show that prescription was interrupted by some other action prior to February 2024. To this end, plaintiff relies on (1) Allstate's response to a complaint plaintiff filed with the Louisiana Department of Insurance, in which Allstate indicated it had received "no correspondence from [plaintiff] from September 9, 2022, until May 2, 2024;" (2) plaintiff's communication to Allstate in May 2024 that he had a new contractor and would soon begin interior work, and (3) email communications from Allstate in August and September 2024.[1] Doc. 23, att. 1, pp. 1–2.

An acknowledgment that interrupts prescription can be explicit or tacit. Explicit acknowledgment occurs with "explicit recognition of a debt owed." *Gray*, 2025 WL 1213860 at *3 (quoting *Coleman v. Ace Prop. & Cas. Ins. Co.*, 284 So.3d 1262, 1269 (La. Ct. App. 5th Cir. 2019)). Tacit acknowledgment, on the other hand, requires only "acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability." *Id.* "[R]ecognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not constitute evidence of acknowledgment." *Mire v. Am. Multi-Cinema, Inc.*, 2015 WL

---

[1] Plaintiff attaches evidence of Allstate's December 2024 payment and its communications, as reflected in the Louisiana Department of Insurance's December 2024 response to plaintiff's complaint, to his opposition to the motion to dismiss. These exhibits are outside the scope of the court's review on a Rule 12(b)(6) motion. The court instead accepts as true plaintiff's allegations relating to the December 2024 payment and his undisputed contention from his opposition that he received communications from Allstate on the above-described dates.

5682621, at *3 (E.D. La. Sep. 25, 2015) (quoting *Waller v. Stuckey*, 613 So.2d 643, 645 (La. Ct. App. 2d Cir. 1993)).

The only alleged acknowledgment plaintiff offers before prescription accrued in February 2024 is Allstate's admission that it received correspondence from the plaintiff in September 2022. Plaintiff has made no allegations relating to the content of these communications, but it is difficult to imagine how Allstate's mere receipt of such correspondence could amount to actions that would lead plaintiff to believe Allstate would not contest liability on his claims. Prescription had thus accrued on plaintiff's Hurricane Laura and Hurricane Delta claims as of February 2024, before it could have been interrupted by any other correspondence or by Allstate's December 2024 payment.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 21] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 23rd day of February, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**